## Glaudel v. Bossert

*Frank N. Gallagher,* for plaintiff.

*Albert C. Gekoski,* for defendants.

BODLEY, J., February 24, 1971.—This case comes before the court upon plaintiff's motion to strike defendant Bossert's answers to plaintiff's request for admissions, by reason of their having been filed some eight months after the due date fixed by the Pennsylvania Rules of Civil Procedure.

The action is one brought by the administrator of the estate of the decedent under the Wrongful Death Act of April 15, 1851, P. L. 669, as amended, 12 PS §1601, et seq., and under the Survival Act

of April 18, 1949, P. L. 512, art. VI, sec. 603, 20 PS §320.603. An identical action was instituted in the United States District Court under the then existing practice. The latter action has since been discontinued.

An examination of the docket entries reveals that no complaint has as yet been filed by plaintiff. The action was started by praecipe and service of writ. Within a short time following the service, plaintiff's counsel on June 5, 1969, filed his request for admissions of 38 statements of alleged fact ostensibly pursuant to the provisions of Pa. R.C.P. 4014. The rule provides as follows:

"(a) A party may serve upon an adverse party a written request for the admission by him, for the purpose of the pending action only, of the truth of any relevant matters of fact set forth in the request or of the genuineness of any writing, document or record, a copy of which is attached to the request, or incorporated therein by reference as provided by Rule 1019(g), or the truth of any fact relating to its authenticity, correctness, execution, delivery, mailing, or receipt.

"(b) A matter of which an admission is requested is admitted unless the adverse party within ten (10) days after service of the request serves upon the requesting party

"(1) a sworn denial or explanation why he cannot admit or deny the matter, or

"(2) objections to the relevance or competence of the matter or the scope of the request."

It was not until March 3, 1970, that defendant Bossert, to whom alone the request was directed, filed his answer. Thereafter, on April 20th, plaintiff filed a document entitled "Plaintiff's Motion to Strike the Defendant's Answers to Plaintiff's Requests for Admissions Pursuant to Pennsylvania Rule of

Civil Procedure 4014(b)." We take it that this petition in actuality is a form of preliminary objection to the answer, inasmuch as Pa. R.C.P. 1017(b)(2) specifically provides, inter alia, that a motion to strike is one of the subject matters contemplated by the rule. We note parenthetically also that the so-called motion to strike was not filed until April 20th some 47 days following the filing of defendant's answers to the request for admissions which, at first blush, appears to be a violation on plaintiff's part of the timeliness requirement of Pa. R.C.P. 1026. However, we do not concern ourselves with these technicalities, nor yet with the interesting proposition presented on behalf of defendant Bossert.

Defendant argues that the motion to strike should be denied, since the request for admissions relates to matters identical with those previously put to Bossert by way of oral depositions under oath. We are not so sure that there is any merit in this contention, notwithstanding the apparent equities which would normally tend to persuade us to at least view the situation most favorably toward him. We refer to quotations from defendant's depositions found in defendant's reply brief and refer to the argument of defendant's counsel, each pointing out that defendant allegedly suffers from retrograde total amnesia and has absolutely no recollection of the happenings preceding, during and after the accident. The request for admissions concerns factual matters about which defendant apparently knows nothing because of the amnesia and relates to facts about which defendant has already said under oath that he has no recollection.

Plaintiff's motion to strike defendant's answer to the request, however, must be denied for reasons other than the patent unfairness which would follow its being sustained.

Prior to 1966, rule 4014 related to admissions concerning documents only and in this regard differed somewhat from the similar Fed. R.C.P. 36 which, in addition to documents, also related to "relevant matters of fact." The original purpose of rule 4014 was to furnish a shortcut to discovery of facts concerning such documents as were pertinent to the trial of the case. See Goodrich-Amram, vol. 4, sec. 4014(a)-1, at page 260. The rule provided an extra-judicial device to limit the factual issues of the case and to avoid unnecessary proof at trial. It was not intended, however, to be used as a substitute for the discovery process: Goodrich-Amram, supra, 1970 Supp., p. 240.

And then Pa. R.C.P. 1035 was adopted by the Supreme Court of Pennsylvania on April 18, 1966, to become effective May 9, 1966. This rule provides for a motion for a summary judgment, and grant thereof under proper circumstances, *after the pleadings are closed.* In large part, rule 1035 was taken verbatim from Federal R.C.P. 56 and was designed to expedite the termination of litigation in which it was made to appear upon consideration of the pleadings, depositions, affidavits, etc., that no genuine issue of any material fact remained to be resolved by a fact finder. On the same date, April 18, 1966, rule 4014(a) was amended so as to complement rule 1035 and thus conform more closely to the content of Fed. R.C.P. 36. The amended rule 4014(a) became effective on May 9, 1966, along with rule 1035. It was enlarged so as to permit a request for admissions "of the truth of any relevant matters of fact set forth in the request." Thus, rule 4014(a) was broadened in order to render more effective the new summary judgment rule 1035, by enlarging the scope of rule 4014(a) coverage beyond the genuineness of documents alone.

As noted above, rule 1035 becomes available to a party *after* the pleadings have closed, but prior to trial. When entertaining a motion for summary judgment, the court takes into consideration, inter alia, all that has been "discovered" in the past as well as any "admissions" secured under the enlarged rule 4014(a). And while it is true that matters admitted under rule 4014 may help to clarify trial issues and shorten trial time in the event that a summary judgment is not granted, nonetheless it would appear that the prime purpose of the request for admissions is to be construed as in aid of the preparation and argument of the motion for summary judgment rather than as a trial device. See Goodrich-Amram, vol. 1, 1970 Supp., page 337.

We hold that the request for admissions is inappropriate prior to the filing of plaintiff's complaint.

Discovery, of course, may be utilized as contemplated by rule 4007 for the purpose of securing information in aid of the preparation of the pleadings or for preparation for trial of the case. It is not, however, until the pleading stage has been completed, or nearing completion, that the endeavor to secure admissions under rule 4014 is in order. Such admissions serve no purpose until after the close of the pleadings and at that point, of course, they may become vitally pertinent. It would be inconsistent, moreover, with the summary judgment scheme (for the purpose of which rule 4014 was enlarged) to permit the request for admissions to be filed before *any* pleadings have been filed. Such a request should not be utilized as a substitute for proper pleadings, nor in place of proof, except in the context contemplated by the rules. Accordingly, it is inappropriate to seek to strike answers which in the summary judgment scheme would be tardy under the rules, but which in our frame of ref-

erence were improperly called for at this stage of the proceedings.

While we find no case law on the subject in support of, nor contra, the view expressed above, it may be noted that our Local Rule 1035*(1) requires that an application for summary judgment shall be determined by the court at a pretrial conference provided for under our Local Rule 212*(1), unless the court in its discretion shall determine otherwise. Among the purposes and objectives outlined in Pa. R.C.P. 212(c) is "the possibility of obtaining admissions of fact . . ." In this regard, the commentary to Goodrich-Amram, vol. 4 §4014 (a)-1, at page 261, states "This rule is a complement to sub-division (c) of the Pre-Trial Conference Rule 212." The commentary goes on to state, at pages 261-62:

"To summarize, what the proponent seeks to 'discover' by this procedure [request for admissions under Rule 4014] is not 'facts' respecting the documents, but what position the opponent expects to take at the trial with respect to the documents or the facts surrounding them. It is basically an extra-judicial device for the limitation of factual issues and the avoidance of unnecessary proof."

And the resolution of such questions as well as the consideration of a motion for summary judgment is reserved for the pretrial conference. Although this commentary expressed the rule's intent prior to its enlargement in 1966, the request for admission as to "any relevant matters of fact" must be viewed in the same context.

We mentioned briefly above that the alleged facts sought to be taken as admitted by reason of the alleged procedural defect in defendant Bossert's answers are most likely not "facts" known to Bossert.

When the civil action in the United States District Court was discontinued, the parties, by way of stipulation of counsel approved by this court and filed on January 2, 1970, agreed that "all discovery including answers to interrogatories, depositions, and requests for admission taken in preparation for . . ." the Federal court action, shall be considered as discovery in preparation of the case before us. As defendant Bossert's counsel points out in his brief, Bossert's depositions were taken by plaintiff on March 10, 1969, at which time Bossert testified under oath, inter alia, that he had no knowledge of his having been involved in the accident which gave rise to this litigation; that he had no recollection of events preceding or at the time of the accident, and knows only what others have told him concerning it.

Notwithstanding the knowledge thus gained by plaintiff's counsel of defendant Bossert's alleged total amnesia, counsel subsequently on June 5, 1969, filed in this court plaintiff's request for admissions. Among the many statements of alleged facts which plaintiff sought to have defendant Bossert admit were allegations which under no circumstances, assuming consistency in Bossert's defense, could Bossert have had any personal knowledge. Among the most striking of the sought-after admissions, perhaps, is no. 33, which states that the Bossert vehicle was travelling at a speed in excess of 45 miles per hour at the time of impact. What impresses us here is counsel's implicit suggestion that by way of procedural acuity there might be injected into the case Bossert's admissions of "fact," the knowledge of which he has already denied under oath.

We certainly agree with the rationale set forth in the case of Nissley v. Pennsylvania R. R. Co., 435 Pa.

503 (1969), cited by plaintiff in a supplemental memorandum following argument. However, we disagree with counsel's contention that the case is of any value to plaintiff's position. To the contrary, we feel that rather than being helpful, the case, philosophically at least, supports the position of defendant and certainly is grounded in the law's demand that there be fair play.* In Nissley, the court stated that we have moved away from the "sporting theory of justice" and have "embraced a theory of wide-ranging and mutual discovery." The reason for this procedural evolution in the law is found, as it should be, in the law's search for truth and in its goal that issues be determined and settled by truth, so far as this ultimate is attainable, rather than by advantages gained by one side or the other in the pleading-procedural duel. For all of the above reasons, we enter the following

## ORDER

And now, February 23, 1971, plaintiff's motion to strike defendant's answers to plaintiff's request for admissions is denied and dismissed.

---

* *Nissley* stands for the principle that a party who refuses to answer an interrogatory, though couched in overly-broad, obectionable language, cannot at a trial gain the advantage of the testimony of a surprise medical witness whose identity was the very purpose of the discovery. The Supreme Court granted a new trial, pointedly ruling that shrewdness on the part of a pleader should not be permitted to give him undue advantage of the other side. Objections to the defective interrogatory should have been made under Rule 4005(b).